# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| ANTHONY GEORGE MERRILL YOUNG II | ) | Case Number: 3:22-cr-42-MMD-CLB |
| | ) | USM Number: 09542-510 |
| **Date of Original Judgment:** 1/22/2024 | ) | Michael Becker |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 of the Indictment
☐ pleaded nolo contendere to count(s)
  which was accepted by the court.
☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. 2252A(a)(2), (b)(1) | Distribution and Receipt of Child Pornography | 3/3/2022 | 1 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☑ Count(s)  2   ☑ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/22/2024
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Miranda M. Du, Chief U.S. District Judge
Name and Title of Judge

June 3, 2024
Date

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 3:22-cr-00042-MMD-CLB   Document 57   Filed 06/04/24   Page 2 of 15
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 7

DEFENDANT: ANTHONY GEORGE MERRILL YOUNG II
CASE NUMBER: 3:22-cr-42-MMD-CLB

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
60 MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:
Terminal Island, CA or any other facility in the Western region that offers treatment for his unique medical needs.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 12 p.m. on  3/22/2024 .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release    (NOTE: Identify Changes with Asterisks (*))

Case 3:22-cr-00042-MMD-CLB   Document 57   Filed 06/04/24   Page 3 of 15

Judgment—Page 3 of 7

DEFENDANT: ANTHONY GEORGE MERRILL YOUNG II
CASE NUMBER: 3:22-cr-42-MMD-CLB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

10 YEARS

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ANTHONY GEORGE MERRILL YOUNG II
CASE NUMBER: 3:22-cr-42-MMD-CLB

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the specific risks posed by your criminal record and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the specific risks posed by your criminal record.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Case 3:22-cr-00042-MMD-CLB   Document 57   Filed 06/04/24   Page 5 of 15
Sheet 3D — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page   5   of   7

DEFENDANT:
CASE NUMBER:

# SPECIAL CONDITIONS OF SUPERVISION

1. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030 (e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program, based on your ability to pay.

3. You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed 104 tests per year. You must not attempt to obstruct or tamper with the testing methods.

4. You must participate in a sex offense-specific treatment program, and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). You must pay the costs of the program, based on your ability to pay.

5. You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

6. You must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256(5)), or any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined by 18 U.S.C. § 2256(2)) involving children, or "actual sexually explicit conduct" (as defined by 18 U.S.C. § 2257(h)(1)) involving adults. These restrictions do not apply to materials necessary to, and used for, any future appeals, or materials prepared or used for the purposes of sex offender treatment.

7. To enable the Computer Search Condition, you must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to the installation of computer monitoring software by the probation officer.

8. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct periodic, unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

9. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office. This condition will be removed if there is no restitution obligation or if Defendant pays any ordered restitution in full.

10. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer. This condition will be removed if there is no restitution obligation or if Defendant pays any ordered restitution in full.

DEFENDANT: ANTHONY GEORGE MERRILL YOUNG II
CASE NUMBER: 3:22-cr-42-MMD-CLB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | *$ 36,000.00 | $ | $ | $ |

*Due and payable immediately

* ☐ The determination of restitution is deferred until * _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| *See attached Amended Stipulation ECF No. 56 | | | |
| **TOTALS** | $ 0.00 | $ *36,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/20) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Case 3:22-cr-00042-MMD-CLB   Document 57   Filed 06/04/24   Page 7 of 15

Judgment — Page 7 of 7

DEFENDANT: ANTHONY GEORGE MERRILL YOUNG II
CASE NUMBER: 3:22-cr-42-MMD-CLB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

\* **A** ☑ Lump sum payment of $ *36,100.00 due immediately, balance due

  ☐ not later than _____ , or
  *☑ in accordance with ☐ C, ☐ D, ☐ E, or *☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

\* **F** ☑ Special instructions regarding the payment of criminal monetary penalties:
\*Restitution is mandatory.
\* During imprisonment, payment of criminal monetary penalties is due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program.

\*Once Defendant is on supervised release, Defendant shall pay restitution in monthly payments of not less than $250 or at least 10% of earnings, whichever is greater, to commence no later than 60 days from placement on supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
The items listed in the preliminary order of forfeiture (attached)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

UNITED STATES OF AMERICA

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY GEORGE MERRILL YOUNG II,<br><br>    Defendant. | Case No. 3:22-CR-00042-MMD-CLB<br><br>[PRELIMINARY ORDER OF FORFEITURE |

Having considered the application for a preliminary order of forfeiture filed by the United States, and the plea agreement entered on October 12, 2023 wherein the defendant Anthony George Merrill Young II agreed to forfeiture, and good cause appearing,

IT IS HEREBY ORDERED that the following property is forfeited to the United States pursuant to Title 18, United States Code, Section 2253 and the procedures outlined in Rule 32.2 of the Federal Rules and Criminal Procedure and Title 21, United States Code, Section 853:

- An Apple iPhone 12, IMEI number 350765878337926.

IT IS FURTHER ORDERED that the United States, through its appropriate agency, shall seize the forfeited property forthwith and publish for at least thirty days on the government website

www.forfeiture.gov a notice of this Order, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the property must file a petition with the Court and serve a copy on government counsel within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier;

IT IS FURTHER ORDERED that, the government may conduct discovery, in order to identify, locate, or dispose of property subject to forfeiture, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure;

IT IS FURTHER ORDERED that the Court will retain jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

IT IS SO ORDERED this __15th__ day of November, 2023.

_____
HON. MIRANDA M. DU
United States District Chief Judge

ISMAIL J. RAMSEY
United States Attorney
Northern District of California
California Bar No. 189820
NEAL C. HONG
Special Attorney to the
United States Attorney General
pursuant to 28 U.S.C. § 515
Illinois Bar No. 6309265
150 Almaden Boulevard, Suite 900
San Jose, California 95113
neal.hong@usdoj.gov

*Representing the United States of America*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 22-00042 MMD-CLB |
| Plaintiff, | ORDER GRANTING AMENDED STIPULATION AND [PROPOSED] ORDER REGARDING RESTITUTION |
| v. | |
| ANTHONY GEORGE MERRILL YOUNG II, | |
| Defendant. | |

**<u>STIPULATION</u>**

The United States, by and through its counsel of record, and the defendant Anthony George Merrill Young II, through his counsel of record, hereby stipulate as follows:

1. On October 12, 2023, Defendant pled guilty to one count of Distribution and Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

2. On January 22, 2024, the Court sentenced Defendant to 60 months of imprisonment followed by 10 years of supervised release. The Court found that Defendant was indigent. Accordingly, the Court did not impose a $5000 special assessment under the Justice for Victims of Trafficking Act. The Court instead imposed a $100 special assessment. The Court did not impose a fine.

3. On May 14, 2024, the parties submitted a stipulation and proposed order regarding restitution (Doc. 53). The stipulation listed 12 victims and awarded $3,000 to each victim. The parties, in error, listed the total amount of restitution as $33,000, instead of the correct amount of $36,000. *See*

1

Doc. 54.  The parties have corrected the error and hereby submit this amended stipulation and proposed order.

4. Victim restitution is mandatory pursuant to 18 U.S.C. § 2259.  In child pornography cases, the court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the defendant's crime, and then "order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2).  The court shall resolve any dispute as to the proper amount or type of restitution by a preponderance of the evidence, and the government bears the burden of demonstrating the amount of loss sustained by the victim. 18 U.S.C. § 3664(e).

5. The parties agree and stipulate that the individuals identified as victims below ("Victims") are victims of Defendant's crime of conviction.

6. The parties agree and stipulate that the Defendant shall pay restitution totaling $36,000 to the following victims in the following amounts:

| Identified Victim/Series "Name" | Restitution | Address for Payment |
|---|---|---|
| AprilBlonde | $ 3,000 | Restore the Child, PLLC, I/T/F April<br>2522 N Proctor St, Ste 85,<br>Tacoma, WA 98406 |
| CinderBlockBlue | $ 3,000 | Marsh Law Firm PLLC<br>ATTN: Jane<br>PO Box 4668 #65135<br>New York, NY 10163-4670 |
| HG1 | $ 3,000 | Jones Day in Trust for Lily<br>Attn: Andrew Bjorklund<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219-2514 |
| Jenny | $ 3,000 | Marsh Law Firm PLLC<br>ATTN: Jane<br>PO Box 4668 #65135<br>New York, NY 10163-4670 |
| Lighthouse_1 | $ 3,000 | Deborah A. Bianco, in trust for Maureen<br>PO Box 6503<br>Bellevue, WA 98008. |
| MiddleModelSister | $ 3,000 | Utah Crime Victims Legal Clinic I/T/F Anna<br>404 East 4500 South Ste B24<br>Salt Lake City, UT 84107 |

| Identified Victim/Series "Name" | Restitution | Address for Payment |
|---|---|---|
| PD11 | $ 3,000 | Jones Day on Behalf of PD11 Victim<br>c/o Allison L. McQueen and Andrew E. Lelling<br>110 North Wacker Drive, Suite 4800<br>Chicago, IL 60606 |
| RedGlassesCry | $ 3,000 | Utah Crime Victims Legal Clinic I/T/F April<br>404 East 4500 South Ste B24<br>Salt Lake City, UT 84107 |
| CinderBlockBlue | $ 3,000 | Marsh Law Firm PLLC in trust for Jane<br>ATTN: Jane<br>PO Box 4668 #65135<br>New York, NY 10163-4671 |
| SweetWhiteSugar | $ 3,000 | Deborah A. Bianco I/T/F Pia<br>P.O. Box 6503<br>Bellevue, WA 98008 |
| TealPinkPrincess | $ 3,000 | Marsh Law Firm PLLC<br>ATTN: Raven<br>PO Box 4668 #65135<br>New York, NY 10163-4668 |
| ZooFamily_1 | $ 3,000 | Moore & Van Allen in trust for Ali<br>Attn: Sarah Byrne/049549.1<br>100 N. Tryon Street, Suite 4700<br>Charlotte, NC 28202 |
| TOTAL | $36,000.00 | |

7. Defense counsel has discussed this stipulation with Defendant and Defendant has consented to pay restitution of $36,000 to the victims identified above in the amounts specified.

8. The parties agree that the full amount of special assessment, fine, and restitution is due immediately in accordance with 18 U.S.C. § 3572(d) and in accordance with the parties' plea agreement.

9. The parties further agree to the following payment schedule:

   a. During imprisonment, payment of criminal monetary penalties is due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program.

   b. Once Defendant is on supervised release, Defendant shall pay restitution in monthly payments of not less than $250 or at least 10% of earnings, whichever is greater, to commence no later than 60 days from placement on supervision.

3

10. Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m). The restitution payments shall be made to the Clerk of U.S. District Court, Attention: Finance Unit, 400 S. Virginia Street, Suite 301, Reno, NV 89501.

11. The parties respectfully request that the Judgment and Sentence be modified to reflect an Order of Restitution totaling $36,000 be paid to the Victims in the amounts specified.

IT IS SO STIPULATED.

Dated: May 14, 2024

ISMAIL J. RAMSEY
United States Attorney

/s/ Neal Hong
NEAL C. HONG
Assistant United States Attorney


/s/ Michael Becker
MICHAEL BECKER
Counsel for Defendant

4

# ORDER

Based upon the facts set forth in the stipulation above, the Court hereby ORDERS that:

1. Based on the parties' amended stipulation, it is ordered that the Judgment and Sentence be modified to reflect an Order of Restitution as set forth below:

2. It is ordered that defendant Anthony George Merrill Young II ("Defendant") shall pay restitution in the amount of $36,000 to the following victims in the following amounts:

| Identified Victim/Series "Name" | Restitution | Address for Payment |
|---|---|---|
| AprilBlonde | $ 3,000 | Restore the Child, PLLC, I/T/F April<br>2522 N Proctor St, Ste 85,<br>Tacoma, WA 98406 |
| CinderBlockBlue | $ 3,000 | Marsh Law Firm PLLC<br>ATTN: Jane<br>PO Box 4668 #65135<br>New York, NY 10163-4670 |
| HG1 | $ 3,000 | Jones Day in Trust for Lily<br>Attn: Andrew Bjorklund<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219-2514 |
| Jenny | $ 3,000 | Marsh Law Firm PLLC<br>ATTN: Jane<br>PO Box 4668 #65135<br>New York, NY 10163-4670 |
| Lighthouse_1 | $ 3,000 | Deborah A. Bianco, in trust for Maureen<br>PO Box 6503<br>Bellevue, WA 98008. |
| MiddleModelSister | $ 3,000 | Utah Crime Victims Legal Clinic I/T/F Anna<br>404 East 4500 South Ste B24<br>Salt Lake City, UT 84107 |
| PD11 | $ 3,000 | Jones Day on Behalf of PD11 Victim<br>c/o Allison L. McQueen and Andrew E. Lelling<br>110 North Wacker Drive, Suite 4800<br>Chicago, IL 60606 |
| RedGlassesCry | $ 3,000 | Utah Crime Victims Legal Clinic I/T/F April<br>404 East 4500 South Ste B24<br>Salt Lake City, UT 84107 |
| CinderBlockBlue | $ 3,000 | Marsh Law Firm PLLC in trust for Jane<br>ATTN: Jane<br>PO Box 4668 #65135<br>New York, NY 10163-4671 |

| Identified Victim/Series "Name" | Restitution | Address for Payment |
|---|---|---|
| SweetWhiteSugar | $ 3,000 | Deborah A. Bianco I/T/F Pia<br>P.O. Box 6503<br>Bellevue, WA 98008 |
| TealPinkPrincess | $ 3,000 | Marsh Law Firm PLLC<br>ATTN: Raven<br>PO Box 4668 #65135<br>New York, NY 10163-4668 |
| ZooFamily_1 | $ 3,000 | Moore & Van Allen in trust for Ali<br>Attn: Sarah Byrne/049549.1<br>100 N. Tryon Street, Suite 4700<br>Charlotte, NC 28202 |
| TOTAL | $36,000.00 | |

3. The above individuals qualify as victims pursuant to 18 U.S.C. § 2259.

4. The full amount of special assessment, fine, and restitution is due immediately. During imprisonment, payment of criminal monetary penalties is due at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program. Once Defendant is on supervised release, Defendant shall pay restitution in monthly payments of not less than $250 or at least 10% of earnings, whichever is greater, to commence no later than 60 days from placement on supervision.

5. Notwithstanding any payment schedule set by the court, the United States Attorney's Office may pursue collection through all available means in accordance with 18 U.S.C. §§ 3613 and 3664(m). The criminal monetary penalty payments shall be made to the Clerk of U.S. District Court, Attention: Finance Unit, 400 S. Virginia Street, Suite 301, Reno, NV 89501.

6. The Probation Office shall prepare an amended judgment in accordance with this order.

IT IS SO ORDERED.

Dated:   May 29, 2024

_____
HON. MIRANDA DU
United States District Judge